MICHAEL J. HEYMAN
United States Attorney

ALANA B. WEBER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: [AUSA Email]

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>  vs.<br><br>DOUGLAS PRICE,<br><br>           Defendant. | No. 3:26-mj-00065-KFR |

### MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

COMES NOW the United States to proffer for the Court the reasons why the Court should order the defendant's pretrial detention. See *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or hearsay.").

**FACTS**

The defendant, Douglas Price, paid human smugglers $5,000 to aid two Honduras nationals— a woman and her minor daughter—to travel to Mexico and illegally cross the

border into the United States via the Rio Grande River. Once across the border, Price intended to bring the woman and child north to Chugiak, Alaska, where the woman would pay off her debt by working for Price.

On January 29, 2026, the Southern District of Texas filed a criminal complaint charging Price with Conspiracy to bring an alien to the United States at a place other than a designated port of entry, in violation of 8 U.S.C. 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(A)(V)(II). On February 1, 2026, Price was arrested on the complaint.

On February 3, 2026, a grand jury sitting in the Southern District of Texas returned a two count indictment against Price alleging in Count 1, that on or about January 10, 2026, through on or about January 22, 2026, in the Southern District of Texas and within the jurisdiction of that court, Douglas Price, knowing of the fact that individuals were aliens, did conspire and agree with others known and unknown to the Grand Jurors to bring or attempt to bring to the United States in any manner whatsoever such persons at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien had received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such aliens, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i); and in Count 2, that on or about January 10, 2026, through on or about January 22, 2026, in the Southern District of Texas and within the jurisdiction of that court, Douglas Price, encouraged or induced an alien to come to, enter, or reside in the United States, knowing

U.S. v. Price
3:26-mj-00065-KFR

Page 2 of 7
Case 3:26-mj-00065-KFR    Document 3    Filed 02/04/26    Page 2 of 7

or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(ii).

An initial appearance in this Court pursuant to Rule 5(c)(3) and a detention hearing are currently scheduled for February 5, 2026, at 1:00 PM.

**ARGUMENT**

**1. The government is entitled to a detention hearing**

The United States moves for Price's detention pursuant to the Bail Reform Act and requests a hearing as permitted by 18 U.S.C. §§ 3142(f)(2)(A) to determine whether Price should be held in custody pending trial on the grounds that he is a flight risk.

**2. The statutory factors weigh in favor of detention**

In assessing whether pretrial release or detention is appropriate, Congress has specified factors that should guide the Court's inquiry. Weighing these factors in this case support by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the defendant.

**2.1. The nature and circumstances of the offense charged**

Price is charged in Indictment No. M-26-464 with bringing in aliens to the United States, conspiracy, and aiding and abetting, in violation of Title 8 U.S.C., Sections 1324(a)(1)(A)(i), (v)(I), and (v)(II), and encouraging or inducing an alien to enter the United States, in violation of Section 1324(a)(1)(A)(iv).

Therefore, probable cause exits to believe Price committed the charged offenses.

## 2.2. The weight of the evidence against the person

The weight of the evidence, while the least important factor supports detention. Two direct witnesses were in contact with Price over an extended period facilitating the offense. There is ample corroborating evidence including a financial transaction and contemporaneous text messages.

## 2.3. The history and characteristics of the person

Price has a history of flight to avoid prosecution, multiple aliases, various out of state contacts, and substantial financial means to flee.

Price has a lengthy history of arrests and almost a dozen convictions spanning as far back as 1999, in Alaska, Oregon, Washington state and Missouri. Most significantly, in 2004 Price was convicted of Bail Jumping in Washington State and received a 90-day suspended sentence. Three years later, in 2007, Price was charged in Portland, Oregon with various assault charges, reckless endangerment, and driving under the influence of alcohol. According to news reports, in August 2006

> Price had been out drinking with a carload of friends when he ran a red light at Northeast Sandy Boulevard and 82nd Avenue and struck a cab. His two back-seat passengers were ejected from the Ford Mustang in the fiery crash. His front-seat passenger -- Brinson Peavey -- was still inside the car and suffered burns over most of his body and down to the bone of one of his legs. Peavey couldn't speak for a long time, has racked up more than $1 million in medical costs and now lives with his mother in Arkansas, the prosecutor said.
>
> Also among the injured was the cab driver, Michael Dean Jennings, who suffered a broken collarbone and internal bleeding near his brain. Price suffered two broken legs and broken ribs. His blood-alcohol level was .10 percent, above the .08 legal limit for driving.
>
> When he got out of the hospital, he ignored law-enforcement orders to turn himself in. And when police tracked him down and arrested him, he convinced Multnomah

U.S. v. Price
3:26-mj-00065-KFR

County Circuit Judge Marilyn Litzenberger to allow his release pending trial, Snowden said. The prosecution had objected, noting Price had a previous conviction for failing to show up to court in Washington, she said.

Price was nowhere to be found on the first day of his 2007 trial.[1]

In June 2012, Price was stopped in Missouri for speeding and told the officer he did not have identification and provided his name as "Jesse Chappell." The officer let him go. That same year, a Portland Detective working as U.S. marshals task force officer received an anonymous tip that Price was living in Missouri under the name "Josh Gibson." Price was apprehended and brought back to Oregon where he maintained his false identity as Gibson. Price's criminal record also lists the alias "Douglas Gaughan". In 2013, Price was convicted and sentenced to five years imprisonment.

Both his wife and mother-in-law were arrested and charged with helping to hide a fugitive.[2]

Price's two prior bail jumping offenses and five-year flight from prosecution to another jurisdiction establish by a preponderance that there is a serious risk Price will flee if released.

---

[1] Aimee Green, *Vancouver Man who Fled After Accident and Lived Under Assumed Name Gets 5 Years in Prison*, The Oregonian/OregonLive, April 29, 2013, available at:

https://www.oregonlive.com/portland/2013/04/vancouver_man_who_ran_after_ac.html

[2] *See* Lynne Terry, *Portland Fugitive in Vehicular Assault Arrested in Missouri*, The Oregonian/OregonLive, July 3, 2012, available at:

https://www.oregonlive.com/portland/2012/07/portland_fugitive_in_vehicular.html;
U.S. v. Price
3:26-mj-00065-KFR

**2.4. The nature and seriousness of the danger to any person or the community**

In 2019, Price was charged in Deschutes County Oregon with First Degree Rape under OR 163.375. He was later convicted of the lesser offense of Attempted First Degree Sexual Abuse and is a registered sex offender.

Forcible rape is a crime typically about power and control rather than sexual compulsion. This conviction is especially concerning considering Price intended to bring a woman and her underage child to live with him in remote Chugiak, Alaska where they would be completely reliant on him. Even more alarming is the mother's substantial financial debt to Price that she was expected to somehow satisfy. While possible that Price had good intentions, his history militates towards a dangerous path to his community and those around him.

**CONCLUSION**

No matter how restrictive, all sets of release conditions "contain one critical flaw. In order to be effective, they depend on [the defendant's] good faith compliance." *Hir*, 517 F.3d at 1092 (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990)). The record here gives little basis to conclude that the Court can expect to see such good faith compliance here Accordingly, the government asks the Court to enter an order for pretrial detention.

//

//

//

//

U.S. v. Price
3:26-mj-00065-KFR

RESPECTFULLY SUBMITTED February 4, 2026 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s Alana B. Weber
ALANA B. WEBER
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Alana B. Weber

U.S. v. Price
3:26-mj-00065-KFR

Page 7 of 7
Case 3:26-mj-00065-KFR    Document 3    Filed 02/04/26    Page 7 of 7